878 F.2d 382
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Respondent-Appellee,
v.
Bajram CUNMULAJ, Vata Gjokaj, and Nuo Bojaj, Petitioners-Appellants.
 No. 88-1431.
 United States Court of Appeals, Sixth Circuit.
 July 5, 1989.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioners-appellants Bajram Cunmulaj, Vata Gjokaj, and Nuo Bojaj appeal the district court's denial of their petition to release funds under 18 U.S.C. Sec. 3666 and 28 U.S.C. Sec. 2042. They also appeal the district court's denial of their motion for class certification. The appellants seek to recover $100,000 seized by the government as part of the bribery prosecution of George Gjieli, Zeff Lulgjuraj, and Nickola Lulgjuraj, claiming that they and the alleged class they claim to represent are the true owners of the funds. Because we agree that the appellants have not demonstrated ownership of any part of the $100,000, we affirm.
 
 
 2
 * The fund in question originated as a result of the Michigan prosecution of Zeff Lulgjuraj. In 1977, Lulgjuraj was charged and convicted on three counts of murder and one count of assault with intent to commit murder. In the course of this prosecution, $100,000 in cash was raised through donations from members of the Albanian-American community. This money, the appellants claim, was entrusted to Marash Lulgjuraj, Zeff's father, for Zeff's legal defense.
 
 
 3
 In 1979, however, this fund became the tool of a bribery attempt by George Gjieli, Zeff Lulgjuraj, and his son Nickola Lulgjuraj. They offered federal agents $100,000 to release Zeff Lulgjuraj from the state prison where he was serving his sentence for the murder and assault convictions. They also sought help in taking Lulgjuraj out of the country. In the course of foiling the attempted bribery, the government seized the money.
 
 
 4
 After this court affirmed the bribery convictions, Marash Lulgjuraj petitioned the court for the return of the money to him. He contended that, as trustee of the donated funds, he was the owner of the money and was entitled to its return. He claimed that he knew nothing of the bribery attempt. In July 1984, the court below denied his petition, finding that Lulgjuraj did know about the bribery. This decision was not appealed. In August 1984, the court ordered that the funds be deposited into the registry of the court.
 
 
 5
 In October 1987, the appellants filed their petition for the recovery of the funds. They alleged that they donated part of the money to the fund and are, along with the other donors, the true owners of the money. They maintained that they contributed money for Zeff Lulgjuraj's legal defense and that they had no idea that the fund would be used in a bribery scheme. They also alleged that they are appropriate representatives for the class of donors, stating that they have been able to locate 150 out of the class of approximately 500 donors. They sought certification of that class. The appellants asked that the money be either returned to the donors or released so it can be used for the payment of Lulgjuraj's attorney's fees. They also asked for evidentiary hearings on both the petition and the motion for class certification.
 
 
 6
 In February 1988, without any evidentiary hearing (but after hearing arguments by counsel) the court denied the petition, finding that the appellants were not the owners of the money because they had voluntarily donated it to the Lulgjurajs. The court also denied the motion for class certification, finding that that there was no legal basis for certifying a class. This appeal followed.
 
 II
 
 7
 Appellants argue that the court below erred in dismissing their claim for the bribe money without holding an evidentiary hearing where they could demonstrate that the money deposited in the registry of the court was theirs. The appellants base their argument on the statute governing the return of funds deposited in the registry of the court, 28 U.S.C. Sec. 2042. That statute states, in pertinent part: "Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." (emphasis added) The appellants argue that this provision mandates that they be granted an evidentiary hearing in which to prove that they are entitled to the money.
 
 
 8
 In support of this contention, the claimants rely on two cases, United States v. LaFatch, 565 F.2d 81, 83 (6th Cir.1977), and United States v. Farrell, 606 F.2d 1341 (D.C.Cir.1979). These cases state the "general rule ... that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." LaFatch, 565 F.2d at 83. The court in LaFatch, considering a claim to property seized in a criminal prosecution, held, after rejecting a state determination of who owned the property at issue, that the criminal trial court should, on remand, make findings of fact as to who owned the money. The appellants in this case claim that similar findings should be made here after an evidentiary hearing. They contend that the court below wrongly decided that they had voluntarily relinquished the money to the Lulgjurajs without allowing them an opportunity to present their case, so that findings of fact could be rationally made.[1] They contend that they did not simply donate the money to Marash Lulgjuraj. Rather, as stated in their petition, they "entrusted their contributions to Marash Lulgjuraj to apply them as needed for attorney fees and legal expenses only." The claimants conclude that the money should either be used for that purpose or be returned to the contributors.
 
 
 9
 The government responds that the decision of the court below can be justified simply by looking at the submissions of the claimants on their face. The petition for the return of the money states that they gave the money to the Lulgjurajs for the payment of Zeff's fees. It is on the basis of this undisputed fact that the court found that the money was no longer their property. No hearing was needed to allow dispute of what was admitted. The claimants, in addition, have not presented any authority for the proposition that they are entitled to the money. Simply arguing that Marash Lulgjuraj was "entrusted" with the money does not establish a legal trust. It must be evident from their complaint that they allege that a trust has been established under Michigan law. A simple assertion of legal ownership is not sufficient.
 
 
 10
 As for the claim that the money should be used to pay for Zeff Lulgjuraj's fees, the government argues that the money cannot be used for that purpose because the fees now outstanding were incurred in defending the bribery charges. It would be folly, the government contends, to allow the money that was confiscated in a bribe attempt to be used to defend the charges arising from that very bribe.
 
 
 11
 We hold that the appellants have not demonstrated any basis for their claim to the money. Sec. 2042 places the burden on the claimant to prove entitlement to the money. An essential part of such proof is the statement of a legal claim that entitles one to such money. The petitioners' complaint does not state such a claim; it merely makes a vague allegation of ownership. There was thus no need for the court below to hold an evidentiary hearing. It could, and did, rule on the basis of the complaint. If and when the appellants can formulate a legal claim to the money, they can file another petition.[2] Until otherwise disposed, the money must remain with the court.[3] Therefore, we AFFIRM.
 
 
 
 [1]
 The appellants also contend that the district court's action was a deprivation of property without due process. In support of this claim, the claimants point to a statement made by the district court in 1984 when it rejected Marash Lulgjuraj's claim for the money. The court stated that any truth to the claim that Marash Lulgjuraj represented to the Albanian donors that the money was to be used for fees "can be determined at subsequent hearings if necessary." The claimants argue that they are now being denied the promised hearing and are being denied their property without a proper hearing. They, however, do not cite any cases indicating how much of a hearing is required in this case. The district court did, in fact, consider their claim, hearing arguments from counsel. Therefore, it cannot be said that the claimants were denied any hearing
 
 
 [2]
 We note, however, that Sec. 2042 states that five years after funds are deposited in the registry of the court, if unclaimed, the money is to be deposited in the Treasury of the United States
 
 
 [3]
 Because we reject their substantive claim, we need not consider the appellants' contention that the court below erred in denying their motion for class certification